IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :     CRIMINAL NO. 09-00346-01 |
| PETER EDWARD ALESZCZYK,<br> a/k/a "Peter Alex" | : |

GOVERNMENT'S SENTENCING MEMORANDUM

In the plea agreement, the government stipulated to the following:

a.  The parties agree and stipulate that the base offense level is 7 pursuant to USSG §2B1.1(a)(1) and that an amount more than $400,000 ($560,629.76) was the loss caused in furtherance of the defendant's criminal activity and his Guideline range should be increased by 14 base offense levels based on this amount pursuant to USSG §§ 1B1.3 and 2B1.1(b)(1)(H).

b.  The parties agree and stipulate that the defendant's conduct involved sophisticated means, resulting in a 2 base offense level enhancement under USSG §§ 1B1.3 and 2B1.1(b)(9)(c).

c.  The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a).

d.  The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG §

3E1.1(b).

PSI, ¶4.  These stipulations result in a total offense level of 20.  Defendant is in Criminal History Category III.  PSI, ¶58.  Pursuant to a base offense level of 20 and a Criminal History Category III, the sentencing guideline range is 41-51 months imprisonment.  Pursuant to the appellate waiver provision in the plea agreement, defendant cannot appeal if the Court imposes a sentence within or below the final Sentencing Guideline range determined by the Court.  The government recommends a sentence of 51 months imprisonment in this case for the following reasons.  A sentence of 51 months imprisonment, which would constitute a sentence at the high end of the applicable sentencing guideline range, would be "sufficient, but not greater than necessary" to accomplish the sentencing purposes set forth under 18 U.S.C. § 3553(a) including punishment, deterrence and protection of the public.

I.      BACKGROUND

On February 11, 2009, defendant confessed during an interview with the Federal Bureau of Investigation ("FBI") that he committed the present crimes.  On May 11, 2009, defendant was arrested pursuant to a complaint and warrant charging mail fraud and wire fraud in violation of Title 18, United States Code, Sections 1341, 1343 and 2.  On May 21, 2009, defendant signed a guilty plea agreement in which he agreed to waive prosecution by indictment and to plead guilty to two counts of an information charging him with wire fraud and mail fraud, all arising from the defendant's operation of a scheme, in which defendant fraudulently obtained approximately $560,629.76 from a victim company in Mount Laurel, New Jersey.  On May 21, 2009, the two count criminal information charging wire fraud and mail fraud was filed.  On May 28, 2009,

defendant waived indictment and pled guilty to the criminal information.

II.     ANALYSIS.

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence is 51 months imprisonment.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[1]

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that

Consideration of the 3553(a) Factors.

(1) <u>the nature and circumstances of the offense and the history and characteristics of the defendant</u>

The offense committed by the defendant, that is, mail and wire fraud was a serious crime and had a great impact on the victim in this case. See victim letter, dated August 31, 2009; PSI, ¶14-15. Defendant has seven prior convictions including a prior federal conviction as well as a conviction for a similar fraud in Montgomery County in which the defendant is presently on probation. PSI, ¶¶36-58.

(2) <u>the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense</u>

A message of deterrence needs to be sent based upon the criminal recidivism by the defendant. Defendant also needs to be punished for his repeated criminal behavior.

(3) <u>the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant</u>

A sentence of 51 months imprisonment is needed to protect the public from further crimes by the defendant based upon his repeated criminal behavior.

IV. CONCLUSION

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition in this case of a sentence of 51 months imprisonment.

---

the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" <u>United States v. Dragon</u>, 471 F.3d 501, 506 (3d Cir. 2006) (quoting <u>United States v. Navedo-Concepcion</u>, 450 F.3d 54, 58 (1st Cir. 2006)).

Respectfully submitted,

MICHAEL L. LEVY
United States Attorney


_____
EWALD ZITTLAU
Assistant United States Attorney

## CERTIFICATE OF SERVICE

          **I hereby certify that a copy of the foregoing has been delivered to:**

        John J. Griffin, Esq.
        239 S. Camac Street
        Philadelphia, PA 19107

_____
**EWALD ZITTLAU**
**Assistant United States Attorney**

**DATE:**