IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 09-346-01 |
| **PETER ALESZCZYK** | : | |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF VIOLATION OF SUPERVISED RELEASE**

A defendant in a revocation proceeding faces a lower standard of proof and revocation is permitted if the court finds by a preponderance of the evidence that a condition has been violated. United States v. Loy, 237 F.3d 251, 260 (3d Cir. 2001). A greater range of evidence may be admissible against the defendant and there is no exclusionary rule in revocation proceedings. Id. Hearsay evidence is permitted in revocation proceedings. Id.

In this case, defendant committed a Grade B violation of his supervised release. The Grade B violation is that defendant committed a new crime while on supervised release. See Violation of Supervised release Petition, filed 12/16/15. Defendant now has been found guilty in state court of the new crimes of forgery, theft by deception –false impression, and conspiracy pursuant to a guilty plea entered by the defendant on May 27, 2016. On January 30, 2017, defendant was sentenced in state court to a sentence of 6-23 months imprisonment and three years probation. Defendant is to surrender on March 2, 2017. The state court convictions constitute sufficient evidence that defendant committed the crimes so as to violate the terms of defendant's supervised release even if defendant is appealing the state convictions. United States v. Trowery, 401 Fed. Appx. 642 (3d Cir. 2010).

Defendant faces a revocation guideline range of 8-14 months imprisonment and a statutory maximum of two years imprisonment under 18 U.S..C. § 3583(e)(3). Violation of Supervised Release Dispositional Report, dated February 1, 2017. The new crimes committed by the defendant while on federal supervised release that involve fraudulent activity readily demonstrate that defendant is a

criminal recidivist and poses an economic danger to the community.  In our original case in Criminal No. 09-346-01, defendant was sentenced on March 19, 2010 to 51 months imprisonment and three years of supervised release.

This Court has jurisdiction to revoke supervised release pursuant to 18 U.S.C. § 3583 (i) because the petition for violation of supervised release was filed on December 9, 2015 and approved by the Court on December 14, 2015 and a warrant was issued and executed on the defendant resulting in his arrest for violation of supervised release prior to January 21, 2016, which is the date the three year term of supervised release was scheduled to expire.   Criminal No. 19-346-01 (E.D. PA) Docket Entries 36, 37, 38, and 40.

In imposing a sentence for violation of supervised release pursuant to 18 U.S.C. § 3583(e), the Court must consider the sentencing factors under 18 U.S.C. § 3553(a).  These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, (3) the need for the sentence to protect the public from further crimes of the defendant; (4) the need for the sentence to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission applicable to a violation of supervised release; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  United States v. Thornhill, 759 F.3d 299 (3d Cir. 2014); United States v. Clark, 726 F.3d 496 (3d Cir. 2013).

 A.  Consideration of the Relevant 3553(a) Factors Pursuant to 18 U.S.C. § 3583(e).

 (1) the nature and circumstances of the offense and the history and characteristics of the defendant

The Grade B violation of supervised release committed by the defendant are new crimes involving fraudulent activity while the defendant was on federal supervised release for prior crimes involving fraudulent activity.

Defendant has seven prior convictions including a prior federal conviction as well as a conviction for theft by deception-false impression in Montgomery County in which the defendant was sentenced to probation.  PSR, ¶¶36-58.

(2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, and to protect the public

The public needs to be protected from the defendant because the defendant is a criminal recidivist who continues to engage in crimes involving fraudulent activity.  A message of deterrence also needs to be sent to deter other individuals from engaging in new criminal activity while on supervised release.

B.  Consecutive or concurrent sentence

Title 18, United States Code, Section 3584(a) provides this Court the discretion to impose a consecutive or concurrent sentence in this case to the undischarged state court sentence which the defendant has been ordered to serve.  The factors to be considered in determining whether to impose a consecutive or concurrent sentence are the factors set forth in 18 U.S.C. § 3553(a).  United States v. Ferrer, 563 Fed. Appx.  921 (3d Cir. 2014).  The government recommends that this Court impose a consecutive sentence of the statutory maximum pursuant to 18 U.S.C.. § 3583(e)(3), that is 24 months imprisonment consecutive to the undischarged Pennsylvania state court sentence of 6-23 months imprisonment.  There needs to be a punishment for the violation of supervised release separate and apart from the punishment imposed by the state court for the state crimes.   A sentence of 24 months imprisonment is necessary and appropriate pursuant to the 18 U.S.C. § 3553(a) factors as described above.

        **Respectfully submitted,**

        **LOUIS D. LAPPEN**
        **Acting United States Attorney**


        **/s/ Ewald Zittlau**
        **EWALD ZITTLAU**
        **Assistant United States Attorney**

**DATE:  2/01/17**_____

4

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon the following by electronic filing and/or email:

>William R. Spade, Esquire
>
>Jason Fury
>United States Probation Office

>**/s/ Ewald Zittlau**
>**EWALD ZITTLAU**
>**Assistant United States Attorney**

**Date:   2/01/17**